BURRELL v. FORD MOTOR COMPANY

UNEMPLOYMENT COMPENSATION — DISQUALIFICATION — NONSTRIKING EMPLOYEES — LABOR DISPUTES.

Nonstriking employees whose unemployment was caused by strikes called by their international union in other functionally integrated plants of their employer were directly interested in the resolution of those strikes where there was no evidence in the record that their wages, hours, and other working conditions would not be affected by the resolution of the disputes in the renegotiation of a master collective bargaining agreement by their international union and defendant employer; consequently, the Employment Security Commission properly denied these unemployment benefits (CL 1948, § 421.29, as amended by PA 1963, No 226).

---

REFERENCE FOR POINTS IN HEADNOTE

48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 36.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 April 15, 1970, at Detroit. (Docket No. 7,515.) Decided June 25, 1970. Leave to appeal granted December 31, 1970. 384 Mich 792.

Bartholomew Burrell and other employees of the Ford Motor Company presented their claims for unemployment compensation. Benefits denied by the referee and the Appeal Board. Plaintiff claimants appealed to circuit court. Affirmed. Plaintiffs appeal. Affirmed.

*Zwerdling, Miller, Klimist & Maurer,* for plaintiffs.

*Wright Tisdale (Richard B. Darragh, Joseph A. O'Reiley* and *Richard A. Fellrath,* of counsel), for defendant.

Before: LESINSKI, C. J., and QUINN and O'HARA,* JJ.

QUINN, J. An MESC** referee and the appeal board held that plaintiffs were disqualified from receiving unemployment compensation benefits. On appeal to circuit court, the appeal board was affirmed, and we review the latter judgment.

Plaintiffs claimed unemployment compensation benefits for the period November 6 to November 30, 1964. The statutory disqualification then applicable was CL 1948, § 421.29 as amended by PA 1963, No 226 (Stat Ann 1963 Cum Supp § 17.531). The pertinent language of § 421.29(1)(b) read:

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.
** Michigan Employment Security Commission.—REPORTER.

"(1) An individual shall be disqualified for benefits:

\*   \*   \*

"(b) For any week with respect to which his total or partial unemployment is due to a labor dispute in active progress, or to shutdown or start-up operations caused by such labor dispute, in the establishment in which he is or was last employed, or to a labor dispute (other than a lockout) in active progress, or to shutdown or start-up operations caused by such labor dispute, in any other establishment within the United States which is functionally integrated with such establishment and is operated by the same employing unit. No individual shall be disqualified under this paragraph (b) if he is not directly involved in such dispute. For the purposes of this paragraph (b), no individual shall be deemed to be directly involved in a labor dispute unless it is established that:

\*   \*   \*

"II. He is \* \* \* directly interested in the labor dispute which causes his total or partial unemployment."

The decision of the appeal board, which was affirmed by the trial court May 23, 1969, disqualified plaintiffs for the reason that,

"Their unemployment was due to a labor dispute in a functionally integrated establishment of the same employing unit within the United States under section 29(1)(b) of the act and they were directly involved in the labor dispute by virtue of being 'directly interested' within the meaning of subsection II of section 29(1)(b) of the act."

In affirming, the trial court found that the decision of the appeal board was correct both as to fact and law.

Plaintiffs were employed November 6, 1964 in nine separate "establishments" of defendant in Michigan.

Pursuant to authorization from the international union, nine other "establishments" of defendant went on strike November 6, 1964. The latter were located in Texas, Alabama, Kentucky, New York, Illinois, and Michigan. Plaintiffs and defendant have stipulated that the plants where the claimants were employed were functionally integrated with other company plants and the unemployment of plaintiffs was due to curtailment of production at their plants because of the lack of essential parts from company plants that were on strike or inability to ship their products to company plants that were shut down due to strikes at other company plants.

The foregoing facts establish the disqualification of plaintiffs under § 421.29(1)(b), *supra,* unless "they were not directly involved" in the disputes which caused plaintiffs' unemployment. Plaintiffs were "directly involved" if they were "directly interested" in those disputes, § 421.29(1)(b) II, *supra.*

That part of § 421.29(1)(b) which defined "directly interested" read:

"The term 'directly interested' as used in this paragraph (b) shall be construed and applied so as not to disqualify individuals unemployed as a result of a labor dispute the resolution of which may not reasonably be expected to affect their wages, hours or other conditions of employment, and to disqualify individuals whose wages, hours or other conditions of employment may reasonably be expected to be affected by the resolution of such labor dispute. A 'reasonable expectation' of an effect on an individual's wages, hours or other conditions of employment shall be deemed to exist, in the absence of substantial and preponderating evidence to the contrary: * * * ; or (III) if such labor dispute exists at a time when the collective bargaining agreement (which covers the individual's grade or class of workers in the establishment in which the in-

dividual is or was last employed and the workers in another establishment of the same employing unit who are actively participating in such labor dispute) has expired, has been opened by mutual consent or may by its terms be modified, supplemented or replaced."

It is not disputed that the strikes which caused plaintiffs' unemployment occurred at a time when the master collective bargaining agreement of October 20, 1961 between defendant and the international union had been opened by mutual consent and was being renegotiated. We find no evidence in the record to indicate that plaintiffs' wages, hours, or other working conditions would not be affected by the resolution of the labor disputes involved in these renegotiations. We hold plaintiffs were "directly interested" as defined by statute.

Additionally, defendant asserts, the record supports and plaintiffs do not deny that defendant and the international union had reached oral agreement on economic issues in principle of September 18, 1964, but the agreement was conditioned on and subject to resolution of all unsettled local issues. The international union was the exclusive bargaining representative for all workers of defendant with respect to the master collective bargaining agreement. Thus, plaintiffs were "directly interested" in resolution of the labor disputes which prevented formal execution and adoption of the master collective bargaining agreement which did affect their wages, hours, or working conditions.

Const 1963, art 6, § 28, and MCLA 1969 Cum Supp § 421.38 (Stat Ann 1968 Rev § 17.540) required judicial review on the whole record. On the whole record, there is competent, material, and substantial evidence to support the finding that plaintiffs were "directly interested" in the labor disputes which

caused their unemployment. The provisions of §
421.29(1)(b), *supra,* required their disqualification.
Affirmed with costs to defendant.
All concurred.